IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MARY WHITTELSEY on behalf of<br>SARAH WHITTELSEY, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>LODGIAN HOTELS, INC. d/b/a<br>HOLIDAY INN OCEAN FRONT,<br><br>    Defendant. | CIVIL ACTION NO. 9:08-0985-MBS-BM<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This action was originally filed by the Plaintiff in the Beaufort County Court of Common Pleas. It was subsequently removed to this Court by the Defendant on the grounds of diversity jurisdiction. 28 U.S.C. § 1332.

When the case was filed, Plaintiff was represented by counsel. However, Plaintiff no longer has counsel representing her in this case. See Court Docket Nos. 44, 46, 50, 55, 75. That raised the question of how this case can proceed. While individuals may represent themselves pro se in Federal Court, the Plaintiff in this Court is styled "Mary Whittelsey on behalf of Sarah Whittelsey, deceased", and under federal law, "a person ordinarily may not appear pro se in the cause of another person or entity." See Pridgen v. Andresen, 113 F.3d 391, 392-93 (2nd Cir. 1997) (pro se litigant may not represent corporation, estate, partnership, or "his or her minor child"), where the Court noted that such limits on pro se representation "serve the interests of the represented party as well as the interests of adversaries and the court." See also Estate of Kerner v. United States, 895

1



F.2d 1159, 1162 & n. 3 (7th Cir. 1990)["'the plaintiff *generally* must assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties.'"](emphasis added); see, e.g., Tse-Ming Cheung v. Youth Orchestra Foundation of Buffalo, 906 F.2d 59, 60-61 (2nd Cir. 1990) [pro se litigant may not represent a minor in a civil action]; Knox ex rel. Chambers v. Hayward Unified School District, 1995 U.S.Dist. LEXIS 8379, 1995 WL 364156 (N.D. Cal., June 1, 1995)["A non-attorney parent must be represented by counsel when bringing an action on behalf of a child."] (collecting cases). Indeed, the Defendant filed a motion for summary judgment based on Plaintiff's lack of counsel in this case.[1]

However, although a pro se litigant cannot generally represent third parties in a lawsuit, there are some exceptions to this rule. One such exception appears to be estate executors where there are no creditors or other beneficiaries. The Fourth Circuit in an unpublished decision followed the Second Circuit in Pridgen and the Sixth Circuit in Shepherd v. Wellman[2] "that the personal representative of an estate cannot represent the estate pro se if there are other beneficiaries or creditors involved." See Witherspoon v. Jeffords Agency, Inc., 88 Fed.Appx. 659 at **1 (4th Cir. Mar. 1, 2004)[remanding the matter for further proceedings to ascertain whether there are any creditors involved]; see also Berrias v. New York City Housing Authority, 564 F.3d 130, 133 (2d Cir. 2009)(citing Pridgen, 113 F.3d at 393). Accordingly, in order to determine whether Mary Whittelsey can appear on behalf of the estate of Sarah Whittelsey, pro se, the Court directed Mary Whittelsey to answer special interrogatories addressing this issue. See Order filed June 16, 2009

---

[1]In its motion, Defendant seeks dismissal of the case with prejudice. However, it is difficult to discern how the action could be considered for dismissal, with prejudice, since Defendant's argument is based upon Mary Whittelsey's lack of standing.

[2]313 F.3d 963, 970-971 (6th Cir. 2002).



(Court Docket No. 81).

However, notwithstanding the specific instructions as set forth in the Court's Order of June 16, 2009, Mary Whittelsey failed to respond to the Court's Special Interrogatories or to respond to the Order in any way. In light of the fact that Mary Whittelsey is not represented by counsel, the undersigned then entered a second Order on July 8, 2009 granting Mary Whittelsey an additional ten (10) days in which to file a response to the Court's Special Interrogatories. Whittelsey was further specifically advised in that Order that if she failed to respond, this action would be recommended for dismissal without prejudice for lack of standing. Pridgen, 113 F.3d at 392-393; Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir.1989) [holding that district court's dismissal of case following an explicit and reasonable warning was not an abuse of discretion]. This additional time period has now also expired, with Mary Whittelsey again having failed to respond to the Court's Orders or to the Special Interrogatories.

## Conclusion

Based on the foregoing, it is recommended that this case be dismissed, without prejudice, for lack of standing. Pridgen, 113 F. 3d at 392-393; Estate of Kerner, 895 F.2d at 1162 n. 3; Knox ex rel. Chambers, 1995 WL 364156; Ballard, 882 F.2d at 95-96.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 20, 2009
Charleston, South Carolin

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

