IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Mary Whittelsey on behalf of ) | |
| Sarah Whittelsey, deceased, ) | C/A No. 9:08-0985-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Lodgian Hotels, Inc., d/b/a Holiday Inn ) | |
| Ocean Front, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Mary Whittelsey brought this action in the Court of Common Pleas for Beaufort County, South Carolina, on February 29, 2008. Plaintiff alleges that Defendant Lodgian Hotels, Inc. was negligent in failing to protect decedent, Sarah Whittelsey, from drug activity at the Holiday Inn Ocean Front, causing decedent to die from an overdose of cocaine. Defendant removed the action on March 23, 2008 on the grounds of diversity jurisdiction. See 28 U.S.C. §§ 1446, 1332.

On February 12, 2009, counsel for Plaintiff filed a motion to withdraw as attorney. The motion was granted on March 3, 2009, and Plaintiff was advised to inform the court of the name of substitute counsel or whether she wished to proceed pro se. On June 8, 2009, it appearing that Plaintiff wished to represent herself pro se, the court referred the within action to Magistrate Judge Bristow Marchant pursuant to Local Rule 73.02(B), D.S.C.

On June 16, 2009, the Magistrate Judge issued an order in which he noted that typically a pro se person lacks standing to represent another person or entity, here decedent or her estate. The Magistrate Judge noted, however, that an exception exists in that a personal representative may

represent an estate if there are no other beneficiaries or creditors involved.  See Order (Entry 81), 2 (citing cases).  Accordingly, the Magistrate Judge directed Plaintiff to complete and return within twenty days special interrogatories addressing this issue.  When Plaintiff did not respond within the requisite time period, the Magistrate Judge issued an order on July 8, 2009 granting Plaintiff an additional ten days to complete and return the special interrogatories.  Plaintiff did not respond to the Magistrate Judge's order.

On July 20, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended that the case be dismissed, without prejudice, for lack of standing.  Plaintiff filed no objection to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge.  The court adopts the Report and Recommendation and incorporates it herein by

reference. Plaintiff's complaint is dismissed, without prejudice, for lack of standing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 10, 2009.

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified of the right to appeal this order**
**pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**